UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLY BANK,

    Plaintiff,

       v.                               Case No. 24-cv-1776-JPG

DOUGLAS GODAR and AMY GODAR,

    Defendants.

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by defendants Douglas Godar and Amy Godar:

- **Failure to allege a federal question under 28 U.S.C. § 1331.** Removal on the basis of original federal question jurisdiction may only be made where the plaintiff's Complaint alleges a cause of action arising under the Constitution, laws or treaties of the United States. The Complaint in this case asserts only state law causes of action for replevin and breach of contract. State causes of action that are based on the violation of a federal standard do not "arise under" federal law for purposes of federal question jurisdiction unless federal law provides a private cause of action. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994). The defendants have not asserted any legitimate basis for exercising federal question jurisdiction over this case.

The Court hereby **ORDERS** the defendants to **SHOW CAUSE** on or before August 12, 2024, why this case should not be remanded for lack of subject matter jurisdiction.   The plaintiff shall have 7 days to reply to the defendants' response.   Failure to respond to this order may result in remand of this case for lack of subject matter jurisdiction.   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The defendants need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: July 26, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2