UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLY BANK,

      Plaintiff,

  v.

DOUGLAS GODAR and AMY GODAR,

      Defendant.

Case No. 24-cv-1776-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the response of defendants Douglas Godar and Amy Godar (Doc. 5) to the Court's July 26, 2024, order to show cause (Doc. 4) why the Court should not remand this case to the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois, for lack of subject matter jurisdiction. Plaintiff Ally Bank has replied to the response (Doc. 7).

Ally Bank sued the defendants in state court alleging they defaulted on an installment sales contract for a 2022 Ram truck. The state court entered an order for replevin and dismissed the defendants' counterclaims and all but one affirmative defense. Then the defendants removed the case to this Court on the basis of original federal question jurisdiction under 28 U.S.C. § 1331. In the order to show cause, the Court noted that the complaint alleges only state law causes of action for replevin and breach of contract, so it does not state a cause of action raising a federal question.

In response to the order to show cause, the defendants argue that Ally Bank has violated "federal statutes governing fraudulent practices by financial institutions," thereby raising "significant federal legal questions that fall with[in] the jurisdiction of this Court." Defs.' Resp. 1 (Doc. 5). They further note that as a bank, the plaintiff is regulated by various federal

agencies. They ask this Court to resolve its dispute with Ally Bank regarding whether their security interest in the 2022 Ram truck was perfected, whether Ally Financial Inc. gave proper notice of the transfer of its security interest to Ally Bank, and whether Ally Bank's conduct has been fraudulent and in compliance with the Electronic Signatures in Global and National Commerce (E-SIGN) Act, 15 U.S.C. § 7001(c)(1). They further assert that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

In reply, Ally Bank argues that this case arises only under state law, not under "the Constitution, laws, or treaties of the United States," as is required for original federal question jurisdiction under 28 U.S.C. § 1331. Specifically, its cause of action for replevin arises under 735 ILCS 5/19-101 *et seq*., and its cause of action for breach of contract arises under Illinois common law. Ally Bank also contests diversity jurisdiction because it is registered to do business in Illinois, where the defendants reside. Finally, it argues the defendants' notice of removal is untimely because they filed it more than 30 days after they were served with the summons and complaint.

A defendant may remove to federal court a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

The defendants rely on the Court's having original federal question jurisdiction under 28 U.S.C. § 1331. Generally, "[t]he presence or absence of federal-question jurisdiction is governed

by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *accord Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  A federal question is presented most often where "federal law creates the cause of action" asserted, and occasionally where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), *quoted by Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see Sarauer v. Int'l Ass'n of Mach. & Aero. Workers, Dist. No. 10*, 966 F.3d 661, 673 (7th Cir. 2020).  "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar*, 482 U.S. 393 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.,* 463 U.S. 1, 12 (1983)); *accord Merrell Dow Pharms.*, 478 U.S. at 808.[1]

It is clear that no federal question is presented in Ally Bank's complaint.  Its causes of action for replevin and breach of contract were not created by federal law but by state statute, in the case of replevin, or state common law, in the case of breach of contract.  Nor do those state law claims necessarily raise a federal issue that this Court could consider without disturbing the well-establish balance of federal and state judicial responsibilities that relegates basic state

---

[1] There is an exception to this general rule where the purported state cause of action is one that federal law has completely pre-empted such that it essentially can only present a federal claim. *Caterpillar*, 482 U.S. at 393.  That is not the case with Ally Bank's replevin or breach of contract causes of action.

statutory and common-law actions to state court. This appears to be a run-of-the-mill case about debtors who allegedly failed to pay on a retail installment contract and a creditor who seeks to repossess the collateral securing the contract, a quintessential matter of state concern. The hodge-podge of federal connections—including the plaintiff's regulation by federal agencies, the existence of federal statutes that may provide a defense to the actions pled, and the defendants' vague references to "significant federal legal questions"—do not amount to a federal question for federal jurisdiction purposes. No federal question is presented in this case.

As for diversity jurisdiction under 28 U.S.C. § 1332(a), the defendants did not assert this basis for federal jurisdiction in their notice of removal. Jurisdiction may not be sustained on a theory that was not advanced in the relevant pleading. *Merrell Dow Pharms.*, 478 U.S. at 810. Therefore, the Court will not inquire into diversity jurisdiction over this case.[2]

For the foregoing reasons, the Court finds that the defendants have failed to show the Court has subject matter jurisdiction over this case and therefore **REMANDS** it to the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois.

**IT IS SO ORDERED.**
**DATED:  August 28, 2024**

       s/ J. Phil Gilbert
       **J. PHIL GILBERT**
       **DISTRICT JUDGE**

---

[2] In light of the Court's lack of subject matter jurisdiction over this case and the defendants' lack of an opportunity to respond to the plaintiff's procedural argument, the Court declines to address procedural removal errors.